ESTHER GOLDMAN *vs.* JAMES MORRIS ET ALS.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, JS.

Argued May 7th—decided June 13th, 1933.

*Charles A. Harrison,* with whom, on the brief, was *Milton G. Harrison,* for the appellant (plaintiff).

*Joseph B. Morse,* with whom, on the brief, were *Philip Pond* and *Daniel D. Morgan,* for the appellee (defendant Mednicow).

HINMAN, J. The defendant Samuel Mednicow was a dealer in used automobiles, having an office and sales-room on George Street in New Haven and storage houses on Chapel Street and in West Haven. In

February, 1932, he also leased a store at 71 Broadway, New Haven, which had been occupied by the Broadway Auto Exchange, Inc., as a used car salesroom, and employed the defendant Morris, who had been connected with the prior occupant, as a salesman located at the Broadway store. The terms of Morris' employment were that he was to sell used cars on commission only, but Mednicow agreed to advance money to him against future commissions, if necessary. On Saturday evening, March 12th, at "quitting time," as he expressed it in his testimony, Morris took from the Broadway store a Ford coupé belonging to Mednicow but having attached to it number plates which formerly had belonged to the Auto Exchange, for the purpose of going to the George Street office to obtain an advance upon future commissions, there being no commissions due him at the time. A friend who was at the store also entered the car and Morris, at his request, drove five or six blocks west of Broadway—a direction opposite to the direct route to Mednicow's office—and left him, then drove south several blocks to George Street and started east on that street toward the office, but after traveling one block struck the plaintiff, who was crossing the street.

On the trial, upon the conclusion of the evidence for the plaintiff, the defendant Mednicow rested his case without offering any evidence and the trial court, upon motion, directed a verdict in his favor. The assignments of error relate wholly to this verdict, the claim being that, upon the evidence, the plaintiff was entitled to have submitted to the jury, as a question of fact, the issue of whether Morris, at the time of the accident, was acting as the agent of Mednicow within the scope of his employment. It appears from the evidence that Morris was authorized to take out and operate any of Mednicow's cars for the purpose of demonstrating

them to prospective purchasers or checking up on any prospect to whom he thought he might be able to make a sale, but there is no suggestion of use for any other purpose or evidence affording an inference of authority or permission to use any of such cars for Morris' personal transportation or convenience. Upon Morris' own statement, which is the only testimony on the point, he had finished his actual day's work when he left the Broadway store. So far as appears his only purpose in going to the George Street office was to seek an advancement upon unearned commissions, clearly a matter of personal accommodation to him. There is nothing in the evidence to suggest any need or occasion for him to talk with Mednicow concerning any matter connected with the duties of his employment or any subject other than the desired advance payment. These considerations, of themselves, are sufficient to justify a directed verdict and there is no occasion to determine whether, if Morris had express or implied authority to use the car to go to the office, the deviation from the direct route thereto would be such a departure as to absolve this defendant from liability. The trial court was correct in ruling that the only course lawfully open to the jury upon the evidence before it was to hold that, at the time the injury to the plaintiff was inflicted, Morris was not acting as the agent of Mednicow within the scope of his employment and that therefore no liability for the injury rested upon Mednicow, and in directing a verdict in his favor.

There is no error.

In this opinion the other judges concurred.